The PRESIDENT
delivered the opinion of the court.
The cases all prove, that in England, the remedy is against the high sheriff only, (in whose name every thing is done,) for the official acts of his deputy; unless in instances, where by ^'particular statutes, a remedy is given against the deputy. The same principle of law prevailed in this country, and was general, until the year 1763; when a law was made, giving to the creditor, a remedy by motion against the deputy sheriff, for money received by him on an execution. By the same law, the deputy was directed under a penalty, to put the name of his principal, as well as his own, to all mesne process executed by him. But if he failed to do so, neither this, nor any other law, authorized the entering of judgment against him, for not taking appearence bail upon such mesne process. The General Court law passed in 1777, warrants a judgment against the sheriff, which certainly means the principal, and not the deputy. The practice in the General Court, both before, and since the revolution, was to enter up judgment in such cases, against the deputy sheriff. But we are of opinion, that such practise was wrong, and unwarranted by any law.
The judgment therefore must be reversed, and the proceedings subsequent to the declaration set aside. The cause is to be remanded to the General Court, to be proceeded in de novo, from the return on the writ. _